UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK ANTHONY SULAKA,

        Plaintiff,                               Case. No. 16-13800

v.                                                    Honorable Thomas L. Ludington
                                                         Mag. Judge Elizabeth A. Stafford

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER**

Plaintiff Mark Anthony Sulaka (Plaintiff) applied for disability benefits on May 18, 2013 alleging disabilities beginning January 1, 2012. His application was initially denied on July 25, 2013. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The hearing was held on February 3, 2015, after which the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied review. Plaintiff sought review in this Court on October 26, 2016. The case was referred to Magistrate Judge Elizabeth A. Stafford. The parties filed cross motions for summary judgment. Judge Stafford issued a report recommending that the Court grant Defendant's motion and deny Plaintiff's motion. Plaintiff filed timely objections to Judge Stafford's report and recommendation.

**I.**

Neither party has specifically objected to Judge Stafford's summary of the facts and history of the administrative proceedings in the case. That summary is therefore adopted in full. Notably, the ALJ found that Plaintiff met the insured status requirements of the Social Security

Act and that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. ECF No. 11-2 at 20. The ALJ found that plaintiff suffered from the following severe impairments: "osteoarthritis of both knees, ischemia, and obesity," and the following non-severe impairments: "sleep apnea, hypertension, and plantar fasciitis." *Id*. The ALJ ultimately determined that Plaintiff was unable to perform past relevant work under 20 CFR 404.1565, but that he had the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b). *Id.* at 22–27.

## II.

### A.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he can demonstrate that he is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). Through Step Four, the plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work. At Step Five, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

**B.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*,

656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

Plaintiff raises three objections to Judge Stafford's report and recommendation, which will be addressed in turn.

### A.

First, Plaintiff contends Judge Stafford "erroneously excused the ALJ's failure to explain his finding that plaintiff's sleep apnea was not 'severe,' compounded by his failure to consider the impact of the apnea upon plaintiff's ability to work." Obj. at 2.

The ALJ found that several of Plaintiff's impairments were non-severe:

> In addition to the severe impairments, the claimant has been diagnosed with sleep apnea, and hypertension, and plantar fasciitis. Due to the fact that they cause no more than minimal limitations in the claimant's ability to perform basic work-related activities, the undersigned has determined they are non-severe impairments for the purposes of this decision.

ECF No. 11-2 at 20.

In his motion for summary judgment, Plaintiff contended that this analysis was woefully inadequate to support the ALJ's conclusion. Pl.'s Mot. Summ. J., ECF No. 15 at 11–14. In rejecting Plaintiff's argument, Judge Stafford observed that Plaintiff "points to no medical opinions in the record or other evidence suggesting that his sleep apnea or plantar fasciitis limited him or imposed any work-related limitations greater than those found by the ALJ." Rep. & Rec. at 8. In his objections, Plaintiff asserts that Judge Stafford overlooked the following paragraph from his motion for summary judgment:

> In that regard, plaintiff's obstructive sleep apnea was characterized as "severe" after a sleep test or polysomnograph (R. 11-7, Tr. 284). The doctor treating plaintiff for this condition, Dr. Sangal, reported such "severe" symptoms as excessive daytime sleepiness, daytime wake inability, fatigue, and cognitive deficits (R. 11- 7, Tr. 282) – *all symptoms which certainly would tend to limit an individual's ability to perform basic work activity. (Pl's Motion at p 12, R. 15; Tr. 353).*

Obj. at 2–3 (emphasis added). Indeed, as Plaintiff notes, the record does reflect that his sleep apnea was characterized as severe, as were his symptoms. However, the record does not support the assertion that these symptoms "would tend to limit an individual's ability to perform basic work activity." Rather, this is Plaintiff's own characterization of what he believes the evidence tends to show. The medical records from the Sleep & Attention Disorders Institute do not discuss whether Plaintiff's sleep apnea imposes any work related limitations. ECF No. 11-7 at 282–87.

In sum, Plaintiff argues it was improper for the ALJ to find his sleep apnea was "non-severe" when Dr. Sangal explicitly characterized it as "severe". Although Plaintiff's argument is

rhetorically persuasive, it overlooks a key legal distinction. The ALJ was not using the word "non-severe" merely as an adjective. Rather, the ALJ was using it in the technical sense as defined in 20 CFR 404.1522(a), which provides that an impairment "is not severe if it does not significantly limit your physical or mental ability to do basic work activities." Neither Dr. Sangal's report nor any other evidence in the record discusses the impact of Plaintiff's sleep apnea on his ability to do basic work activities. Thus, Judge Stafford did not err when she found the Plaintiff "points to no medical opinions in the record or other evidence suggesting that his sleep apnea or plantar fasciitis limited him or imposed any work-related limitations greater than those found by the ALJ." Rep. & Rec. at 8.

Judge Stafford then observed that "it is well established in this Circuit that failure to find an impairment severe at step two of the sequential analysis is not reversible error if the ALJ found another impairment severe and considered all medically determinable impairments, including those deemed non-severe, within the five-step evaluation." Rep. & Rec. at 7 (citing Anthony v. Astrue, 266 Fed. App'x 451, 457 (6th Cir. 2008)). Judge Stafford then noted that the ALJ considered Plaintiff's sleep apnea at the RFC stage:

> [T]the ALJ wrote, "In August 2014, when the claimant returned to Dr. Ahmad, the claimant reported that he was feeling tired and fatigued[.]" [ECF No. 11-2, Tr. 24]. The ALJ also discussed Sulaka's testimony that he was unable to work due to his sleep apnea. [ECF No. 11-2, Tr. 23, 39]. Thus, the ALJ did consider Sulaka's allegations pertaining to his sleep apnea after concluding it was nonsevere, but found Sulaka's allegations regarding the severity of his impairments to be less than fully credible. [Id., Tr. 25].

*Id.* at 8–9.

Plaintiff contends that this "passing reference" to his sleep apnea cannot be considered a "sufficient articulation of the consideration of the cause of that symptom and its effect upon the claimant's ability work." Obj. at 4. The ALJ explicitly identified Plaintiff's sleep apnea diagnosis

as a relevant consideration at the outset of his RFC analysis, after which the ALJ concluded that Plaintiff has sufficient RFC to perform light work. ECF No. 11-2 at 22–26. The majority of the ALJ's analysis was, admittedly, devoted to analyzing the evidence surrounding Plaintiff's knee problems, particularly his osteoarthritis. What distinguishes his knee condition from his sleep apnea is that the record contained extensive evidence concerning Plaintiff's knee condition and treatment history, as well as the doctor's opinion that the knee condition affected his ability to work. Thus, the ALJ conducted a detailed analysis of the evidence surrounding that condition to determine whether he would accept that medical opinion.

Plaintiff is correct that medical opinions must be considered at the RFC stage with respect to both severe and non-severe impairments. *See Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515 (6th Cir. 2014). However, neither Dr. Sangal's report nor any other medical records identified by Plaintiff concerning his sleep apnea express an opinion regarding any work-related limitations imposed by that condition. Furthermore, the ALJ is under no obligation to explicitly discuss every piece of evidence in the record. *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004); *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 470 (6th Cir. 2017). The fact that the ALJ did not explicitly discuss the records from Plaintiff's evaluation at the Sleep & Attention Disorders Institute does not indicate that they were not considered. *See Thacker*, 99 F. App'x at 665. The fact that Plaintiff was suffering from sleep apnea, which caused him to feel tired and fatigued, was explicitly taken into to consideration by the ALJ. Thus, Judge Stafford did not err in finding that the ALJ considered Plaintiff's sleep apnea at the RFC stage. Accordingly, Plaintiff's first objection will be overruled.

**B.**

Second, Plaintiff contends that Judge Stafford "erred in excusing the ALJ's complete disregard for his complaints of back and hip pain, supported by the findings and opinions of his treating physician." Obj. at 5.[1] Plaintiff contends that, whether or not the ALJ found these "impairments" to be severe, he had an obligation to at least discuss them and explain the reasons why. *Id.* at 6–7. Plaintiff's objection is a reiteration of the argument made in his motion for summary judgment. Furthermore, the objection overlooks the fact that Judge Stafford explicitly found that the ALJ had no obligation to consider his symptoms of back and hip pain at all because symptoms are not impairments. Rep. & Rec. at 10. In his objection, Plaintiff did not interact with Judge Stafford's finding. Rather, he simply assumes without support (as he did in his motion for summary judgment) that symptoms are necessarily impairments and must be classified as severe or not severe. Thus, Plaintiff's objection is improper because he identifies no error in Judge Stafford's reasoning. *See VanDiver*, 304 F.Supp.2d at 937.

Furthermore, Judge Stafford did not err. As Judge Stafford noted, symptoms are not medically determinable impairments. *See* SSR 96-3p, 1996 WL 374181, *1 (July 2, 1996). Thus, "Symptoms, such as pain . . . will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence . . . that he or she has a medically determinable physical or mental impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s)." *Id.* at *2. Plaintiff identifies no *medical impairment* causing his back and hip pain that the ALJ failed to consider. Thus, Judge Stafford did not err in excusing the ALJ's lack of discussion regarding those symptoms. Accordingly, Plaintiff's second objection will be overruled.

## C.

---

[1] At least with respect to his hip pain, Plaintiff is incorrect that the ALJ "completely disregarded" it. In his RFC analysis, the ALJ noted "In February 2014, the claimant reported hip pain and received an injection in his left sacroialic joint (Ex. 4F/4)." In any event, this misstatement is immaterial.

Third, Plaintiff contends that Judge Stafford "erred in finding that the ALJ could properly dismiss Dr. Ahmad's opinion as to disability in the absence of any other opinion on the subject." Obj. at 7, ECF No. 23.

Dr. Ahmad, Plaintiff's treating physician, expressly wrote as follows: "The above name[d] patient is currently under my care. He suffers with multiple medical diagnosis, such as, Abnormality of Gait, OA of Knees, Chronic Pain Syndrome, Back Pain, Knee Pain, and Obesity. Based on his physical condition and health conditions it is my medical opinion that he is unable to work at the time." ECF No. at 11-7 at 272.

Judge Stafford noted that the "treating physician rule requires an ALJ give controlling weight to a treating physician's opinions regarding the nature and severity of a claimant's condition *when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with the other substantial evidence*." Rep. & Rec. at 11, ECF No. 22 (emphasis added) (citing *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 727–29 (6th Cir. 2014)). Judge Stafford examined the ALJ's findings, and noted that the ALJ did in fact consider Dr. Ahmad's opinion, but chose to give it little weight because it was not support by the evidence in the record. *Id*. at 12. As Judge Stafford observed, the ALJ determined that Dr. Ahmed's opinion was belied by the fact that Plaintiff underwent only minimal medical treatment for the alleged impairments and underwent no invasive or aggressive procedures of any kind. *Id.* at 12–13. The ALJ further noted that there was a two-year gap in treatment between 2012 and 2014. *Id.* As Judge Stafford observed, the ALJ therefore determined that the Dr. Ahmad's opinion was entitled to little evidentiary weight because it was not supported by substantial evidence in Dr. Ahmad's records. *Id.*

Thus, contrary to Plaintiff's assertion, the ALJ did not "dismiss" Dr. Ahmad's opinion, nor did Judge Stafford find that it was appropriate for him to do so. Rather, Judge Stafford carefully reviewed the ALJ's basis for according minimal weight to Dr. Ahmad's opinion, and determined that the ALJ's finding was supported by the record.

Plaintiff identifies no other defect in Judge Stafford's reasoning, but reasserts the argument that Dr. Ahmad's opinion should have been given controlling weight absent a contrary medical opinion in the record. *Id.* at 8. Plaintiff also asserted this argument in his motion for summary judgment. ECF No. 15 at 17. Reasserting arguments previously rejected does not constitute a proper objection as it identifies no error in the reasoning of the Magistrate Judge's opinion. *See VanDiver*, 304 F.Supp.2d at 937. Furthermore, Plaintiff identifies no authority for the proposition that a doctor's opinion is entitled to controlling weight absent a contrary opinion by another doctor. That notion is also inconsistent with *Gentry*, in which the court noted that a doctor's opinion need not be given controlling weight where the ALJ determines the doctor's opinion is not supported by medically acceptable clinical and diagnostic evidence, and is inconsistent with other substantial evidence. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d at 727–29. As Judge Stafford correctly observed, this is what the ALJ determined here. Accordingly, Plaintiff's third objection will be overruled.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 23, are **OVERRULED**.

It is further **ORDERED** that Judge Stafford's report and recommendation, ECF No. 22, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 15, is **DENIED.**

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 20, is **GRANTED.**

It is further **ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED.**

                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

Dated: February 9, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 9, 2018.

                        s/Kelly Winslow
                        KELLY WINSLOW, Case Manager